UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARANDA WOODWARD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>AUDIT SYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No.: 17-cv-736<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　Plaintiff Maranda Woodward is an individual who resides in the Eastern District of Wisconsin (Walworth County).

4.　Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an automobile loan.

5.　Defendant Audit Systems, Inc. ("ASI") is a debt collection agency with its principal place of business located at 3696 Ulmerton Road, Suite 200, Clearwater, FL 33762-4237.

6. ASI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ASI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ASI is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about March 24, 2017, ASI mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "GM FINANCIAL (RETAIL TERTIARY)." A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A is a loan on an automobile used for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by ASI to attempt to collect alleged debts.

12. Exhibit A is the first written communication ASI sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Exhibit A includes the following language:

If the account is outstanding due to a billing error or other problem, please feel free to contact one of our service representatives with questions at 1-800-741-1969 during business hours of Monday through Thursday 8:00am - 9:00pm EST, and Friday 8:00am - 7:00pm EST. If this account is due to loss, theft or forgery, you may mail an affidavit of forgery to our office.

14. The text in ASI's letter to Plaintiff is inconsistent with 15 U.S.C. §§ 1692g(a), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

2

> consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

15. The language reproduced in paragraph 13, above, overshadows the FDCPA debt validation notice.

16. <u>Exhibit A</u> fails to clearly and unambiguously inform the unsophisticated consumer that, in order to invoke his or her right to require ASI to cease most collection activities until it provides verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4).

17. Instead, <u>Exhibit A</u> expressly tells the consumer to *call* ASI: "If the account is outstanding due to a billing error or other problem." (emphasis added).

18. That a debt may not be owed because it is the result of a billing error or "other problem" is a "dispute" and is exactly the type of conduct that 15 U.S.C. § 1692g is intended to remedy. *Sanchez v. Jackson*, No. 16-cv-6144, 2016 U.S. Dist. LEXIS 160776 *26 (N.D. Ill. Nov. 21, 2016); *quoting* S. Rep. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699 ("Congress believed the validation provision would 'eliminate the recurring problem of debt

3

Case 2:17-cv-00736-JPS   Filed 05/25/17   Page 3 of 11   Document 1

collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'").

19. The practical effect of the request to call ASI is to discourage consumers from disputing debts in writing.

20. An oral dispute does not trigger the FDCPA verification requirements, which includes a temporary suspension of collection efforts until verification is provided. 15 U.S.C. § 1692g(b).

21. ASI did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

22. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

23. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

24. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's omission is a material violation of the FDCPA. A consumer who attempts to orally

4

exercise verification rights or a request for the identity of the original creditor does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

25. ASI's statement that the consumer could write or call with questions about a debt overshadows the validation notice. 16 U.S.C. § 1692g.

26. Exhibit A also identifies the creditor as "GM FINANCIAL (RETAIL TERTIARY)."

27. "GM FINANCIAL (RETAIL TERTIARY)" is not the name of the creditor.

28. The unsophisticated consumer would be confused by the "RETAIL TERTIARY" language.

29. The consumer would not recognize "RETAIL TERTIARY" as the creditor. Debts are freely assignable and lenders, especially banks, often change names, spin off divisions, sell receivable assets and otherwise change their branding. For example, General Motors' former lending arm, GMAC, is now a public company named Ally Financial, and GM Financial is the

5

new name for AmeriCredit, which GM purchased in 2010. https://en.wikipedia.org/wiki/GM_Financial.

30. The RETAIL TERTIARY language is gratuitous and confusing. It leads the consumer to question who she actually owes.

31. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

32. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id.* at *23.

33. "GM FINANCIAL (RETAIL TERTIARY)" is also facially confusing in that it identifies two different entities as the creditor.

34. The unsophisticated consumer would have no idea who or what "RETAIL TERTIARY" is, what its relationship to the alleged debt is, or how to contact it.

35. ASI's misrepresentation is a material false statement.

36. The unsophisticated consumer would not be able to determine who actually holds the debt from reading Exhibit A.

37. Plaintiff was confused by Exhibit A.

38. The unsophisticated consumer would be confused by Exhibit A.

39. Plaintiff had to spend time and money investigating Exhibit A.

40. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

6

41. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

42. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

7

43. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. 15 U.S.C. § 1692e(2)(a) specifically prohibits misrepresentations of "the character, amount, or legal status of any debt."

45. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Exhibit A fails to clearly inform the consumer that, in order to invoke his or her right to obtain verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4).

48. Instead, Exhibit A expressly requests that consumers with disputes call ASI's phone number.

49. The request to call with disputes contradicts and overshadows the FDCPA validation notice. 15 U.S.C. § 1692g(a).

50. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b) and 1692e(10).

## COUNT II – FDCPA

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52. Exhibit A identifies the creditor as "GM FINANCIAL (RETAIL TERTIARY)."

53. "GM FINANCIAL (RETAIL TERTIARY)" is not the name of any creditor.

8

54. "GM FINANCIAL (RETAIL TERTIARY)" does not disclose the actual identity of the creditor to the consumer.

55. The language in ASI's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor. 15 U.S.C. § 1692g(a)(2).

56. Defendant violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(2).

## COUNT III – FDCPA

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. The language in ASI's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to clearly and conspicuously identify the current creditor. 15 U.S.C. § 1692e(2)(a).

59. The unsophisticated consumer would be confused by the "RETAIL TERTIARY" language.

60. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

61. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## CLASS ALLEGATIONS

62. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or

household purposes, (d) between May 25, 2016 and May 25, 2017, inclusive, (e) that was not returned by the postal service.

63. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

64. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g, and 1692g(a).

65. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

67. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: May 25, 2017

                                          **ADEMI & O'REILLY, LLP**

By:    s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com